**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

IN RE:

LAKETOWN WHARF MARKETING,　　　　　　　CASE NO.: 08-40692-LMK
CORPORATION, n/k/a LAKETOWN
WHARF MARKETING, LLC

　Debtor.　　　　　　　　　　　　　　　　　CHAPTER: 11
_____/

CORUS CONSTRUCTION VENTURE,
LLC,

　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　ADV. PRO. NO.: 09-04009-LMK

LAKETOWN WHARF MARKETING
CORPORATION, et al.,

　Defendant.
_____/

**ORDER DENYING DEFENDANTS JONATHAN R. ADKINS, ET AL.'S
MOTION TO EXTEND TIME TO APPEAL UNDER F.R.B.P. 8002(c)**

THIS CAUSE is before the Court on the motion of Jonathan R. Adkins and all other purchasers listed in Exhibit "A" (the "Adkins Purchasers"), seeking an extension of time under Federal Rules of Bankruptcy Procedure 8002(c)(2) to file an appeal of a final judgment in this adversary proceeding (Doc. 437). The Court having now reviewed and considered the motion finds that the reasons proffered by the Adkins Purchasers as to why they did not file either an appeal or a request to extend time for filing an appeal within the 14 day period, do not meet the definition of "neglect" as required by Fed. R. Bankr. P. 8002(c)(2). Accordingly, the Court denies the Adkins Purchasers' Motion to Extend Time to Appeal under Fed. R. Bankr. P. 8002(c)(2).

On June 4, 2010, I entered an "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment" (Doc. 418) and shortly thereafter on June 7, 2010, I entered an "Amended Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judg-

ment" (Doc. 421). Apart from a clerical error, the substance of the two orders was the same. More than 14 days after the judgment, on July 6, 2010, the Adkins Purchasers filed a Motion to Extend Time to Appeal under Rule 8002(c)(2) (the "Motion to Extend Time") (Doc. 437).

According to Fed. R. Bankr. P. 8002(a), a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Section (c)(2) states that "[a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired." However, after the 14 day appeals period has passed, "the bankruptcy judge may extend the time for filing the notice of appeal" if a written request is filed before the "21 days after the expiration of the time for filing a motion of appeal" and "upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c)(2).

Before considering whether there exists "excusable neglect," issues of times must be addressed. The Adkins Purchasers' Motion to Extend Time cites the old Bankruptcy Rules regarding time periods for an appeal. Effective December 1, 2009, the rules changed for the time for filing an appeal from 10 days to 14 days. Additionally, for the purposes of calculating the 14 day appeals period when one judgment amends another, the date for accrual begins from the first judgment when the substance of the two judgments are the same. *In re PT-1 Communications, Inc.*, 412 B.R. 85, 91 (Bankr. E.D.N.Y. 2009); *In re American Safety Indem. Co.,* 502 F.3d 70, 72 (C.A.2.N.Y. 2007). In this case, the "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment" (Doc. 418) was enter on June 4, 2010 and then amended on June 7, 2010. Since the substance of the two orders was the same except for a clerical error, the time for tolling the 14 day appeals period began on June 4, 2010. However, neither of the time issues affect the outcome of this case. The issue is primarily whether the Adkins Purchasers have made a showing of excusable neglect.

The United States Supreme Court established a bifurcated analysis of the phrase "excusable neglect" in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507

U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The analysis first requires examination of the term "neglect." The Pioneer court held that "neglect" involves inaction "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 1495. The appealing party must meet its burden of showing neglect. *In re Marra,* 330 B.R. 341, 345 (Bankr. D. Conn. 2005).

Although pre-Pioneer, in *Matter of Barnard*, 30 B.R. 190, 192 (Bankr. M.D.Fla. 1983), the court held that when an attorney knowingly fails to file an appeal or an extension to appeal because the attorney is unable to communicate with their client, such does not constitute excusable neglect. The Barnard court reasoned that even if an attorney is unable to reach their client, "the attorney could have filed a Notice of Appeal or a request for an extension of time within the ten-day period to protect the rights of his client." *Id.* at 192 (quoting *In re Martin-Trigona*, 11 B.R. 414, 417 (Bankr. D.Conn 1981).

The Adkins Purchasers filed their Motion to Extend Time on July 6, 2010 after the appeals period which ended on June 18, 2010. Since the motion was filed after the 14 days appeals period, the Adkins Purchasers must make a showing of excusable neglect. The Motion to Extend Time states that, "It was not until July 5, 2010 that the undersigned was able to discuss the Amended Order with all clients and confirm how they wish to proceed." It goes on to state that it was "the aforementioned circumstances, the consideration that needed to be weighted by each client, and the ethical obligations of the undersigned to each individual client represented" that prevented them from filing an appeal.

Despite such circumstances, it is clear that the Adkins Purchasers' attorney has not alleged neglect within the meaning of "excusable neglect." The attorney knew the time for an appeal and knew that a Motion to Extend Time could have been filed in order to allow extra time to contact each client and discuss the appeal. However, the attorney chose to wait when she easily

could have filed an extension within the 14 day appeals period. The decision to wait was not caused by neglect. Because I find that there exists no excusable neglect, it is

ORDERED and ADJUDGED that the Adkins Purchasers' Motion to Extend Time to Appeal under Rule 8002(c)(2) is DENIED.

DONE and ORDERED in Tallahassee, Florida this 19th day of July, 2010.

_/s/ L. M. Killian_

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: All interested parties

**Exhibit A**

Bell Defendants

PETER BELL; TONI BELL; RON SMITH; AMBER LOOPER

Adkins Defendants

JONATHAN R. ADKINS; BOBBY R. CANNON; JANET CANNON; CARL G. CLEMENTS; VICKI S. CLEMENTS; MICHAEL BAUM; SARA KATHRYN LaVANCHE; MICKEY COHN a/k/a MORRIS COHN; STANLEY COHN; CLAUDIA COHN; BARRY J. COHN; THE COLONIAL GROUP, MARTHA DANIEL; CLIFFORD P. DAVIS, JAMES W. DeRUITTER; MICHAEL EVANS; THE JMJ GROUP, LLC; YVONNE HARRIS; JACKIE STALLINGS-EVANS; MICHAEL ROBEY; FRED W. FISHER; MARY ANGELYN FISHER; TOM FRAZIER; RODNEY M. HAWTHORNE; MARK HESS; RICHARD HESS; DONNA HOOKER; JERRY L. WALLACE; PAT T. WALLACE; CHARLES E. HOUSTON; TY D. OLSON; GLENN J. WILLIAMS; TERESA S. WILLIAMS; JANET JAISWAL-ADAMS; CHRISTIAN D. ADAMS; CAROLYN KENDALL; JAMES KNIGHT; SHEILA KNIGHT; W. EDWARD MEEKS; CAROLYN MEEKS; DOUGLAS LACKEY; ROSSLYNN E. LAMBERT; JOANNA E. ARRINGTON; CHARLOTTE MATTINGLY; CHARLES MUELLER; CATHERINE MUELLER; ROBERT BURDETTE; DONNA S. BURDETTE, CHARLES O. PETERS; RICHARD T. SMITH, JR.; R. SCOTT SWEDENBURG; TODD S. TAYLOR; REGINA A. TAYLOR; JAMES N. TOWNSEND; JAMES L. TOWNSEND; JEREMY TOWNSEND; RAMONA TOWNSEND; TONI TRAINA; TERRY S. VARGA; CLAUDE R. WALLACE; DOUG WILLIAMS; LARRY E. GREATHOUSE; RANDOLPH BALTZ; SHERRY BALTZ; AUGUST J. BRESCIA; MARK E. BROWN; LEAH W. BROWN; RANDAL D. COMPTON; LISA A. COMPTON; ELIZABETH S. DOYLE; MICHAEL B. DOYLE, II; EQUITY TRUST COMPANY, as custodian for the benefit of THE JEFFREY ALAN GADBOYS IRA; J SQUARED VENTURES, LLC; MICHAEL HINKEBEIN; LAURA L. HINKEBEIN; JACK W. JACKMAN; SHERRY C. JACKMAN; MARK W. JORDAN; MICHAEL G. CULBRETH; KEVIN KING; BARBARA KING; BETTY R. HEROLD; MARY ANN MARI, as Trustee of THE MARY ANN MARI 1985 LIVING TRUST; NEELINDER S. MAYELL; MOHINDER P.S. MAYELL; MARTIN S. MEDVE; KATRINA L. MEDVE; TERRY A. NEMISH; BRIAN K. PIKE; MICHAEL G. SCAPIN; JOHN G. SCAPIN; BRIAN SCOTT SUTTON; POLLY W. SCOTT; DONALD E. SCOTT, JR.; ROGER BRADLEY; HEATHER L. BRADLEY; ROBERT W. SMITH; STEVEN T. MALBIS; JERRY STEELE; FRANK C. STEELE, JR.; D.K. III, LLC; CONNIE WEHNER; MICHAEL J. WEHNER; CHARLES T. WIGGINS; CHARLES RAY; WILLIAMSON; JEFFREY A. GADBOYS; DARLA YEARTY; CHARLES ARANT; MICHAEL BUSH; DAVID E. CLARY; KIMBERLY A. CLARY; RONALD W. COOPER; DIANE R. COOPER; CHARLES DYE; SHEILA DYE; JOSEPH FERRARO; KEITH L. FULLER; PENNY L. FULLER; ANDREW W. HAMILTON; CAROLINE HAMILTON; DAVID C. HANNAH; BETTY P. HANNAH; DENNIS D. HOEFLE; JONATHAN HOOD; MARY RUTH HOOD; CARLTON LEDBETTER; CHAD A. SHULTZ; CLEVE B. SHULTZ; JOHN W. STICH; SAMUEL S. SULSER; JUDITH W. SULSER; DOUGLAS WILLIAMS; SUBURBAN FURNITURE MART, INC.; SUNNY WONG; WENDY MO; THOMAS W. GABRIEL; JOHN B. DYSON; BRIAN JOHNSON; THOMAS AIU; BRENDA ESTES; DAVID RHYNE; JAMES GRUNDBERG a/k/a JIM GRUNDBERG; HAL COBLE; DARR McKEWON; WYNELL ANDERSON KING, LP; and ANYBODY ELSE, LP.